Upon this verdict, a motion was made to arrest the judgment, which was sustained by the court, and the solicitor for the State appealed.
The defendants are indicted for offending against the following act of Assembly: "Every person who shall play at any game of cards in any public house or tavern, or house where spirituous liquors are retailed, or any outhouse or store attached thereto, or any part of the premises occupied with such house, and bet money or property, shall be deemed guilty of a misdemeanor." 1 Rev. Stat., ch. 34, sec. 69. The jury, in a special verdict, find that Vannoy, one of the defendants, was owner of a storeroom and counting-room in one house. He retailed spirits in the storeroom, and the defendants gamed at cards, and for property, in the counting room. The store and counting room, in our opinion, constituted parts of but one establishment. The counting room was a part of the premises occupied with the store by the retailer, and the playing of cards in that room brought the defendants within the act of the Assembly.
The second question arising out of the verdict is, whether the owner was a retailer of spirituous liquors within the meaning of the said act of Assembly. We are of opinion that the circumstance of Vannoy's not having complied with all the requisites of the law in obtaining his license to retail, is no excuse for the defendants. The jury have found the fact that he did retail spirits in his storeroom. That fact satisfies the gaming act above quoted, and the charge in the indictment that spirits were retailed in the house. The judgment rendered in (327) the Superior Court must be reversed. This opinion will be certified, that judgment may be rendered for the State.
PER CURIAM. Judgment reversed.
Cited: State v. Hawkins, 91 N.C. 628.